UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROBERT P. FORTMAN, JR., | |
| Plaintiff, | |
| v. | CAUSE NO. 1:25-CV-008-GSL-JEM |
| CHELSEA RICHWINE, et al., | |
| Defendants. | |

OPINION AND ORDER

Robert P. Fortman, Jr., a prisoner without a lawyer, filed a complaint. ECF 1. Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pro se complaint must be given liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Fortman alleges the wall telephone in his cell block has been broken since January 1, 2025. Jail Sergeant Chelsea Richwine has not allowed Fortman to use any of the phones located in other cell blocks. He claims, "Lock-up, holding, receiving all have cells, with phones, and nobody in them." ECF 1 at 2. Fortman claims he needed to call

his attorney as he had a court date on January 8, 2025, but Officer Richwine refused to let him use any of the aforementioned telephones to do so.

Fortman also generally references a lack of access to legal materials. He claims other inmates have access to communications and legal materials on their tablets, but Fortman does not because he accidentally broke his tablet and hasn't been given a new one. However, he admits he has recreation time for an hour each day in which he can access legal materials at the law library. He claims that "[t]his one hour is to watch T.V., exercise, *phone*, shower, etc." *Id*. at 3 (emphasis added). He believes that "[a]ccess to legal materials should be outside of your recreation time. Having a tablet for 12 hours a day in your cell is meaningful access to legal materials that are needed for suits in progress." *Id*. Fortman has sued Sergeant Richwine and the Sheriff of Allen County. He seeks $25,000 in monetary damages for not being allowed to call his attorney before his court date on January 8, 2025. He also seeks injunctive relief to "[a]uthorize [the] use of a tablet with operational telephone at all times, as well as law library." *Id*. at 4.

"The First Amendment protects a prisoner's right to consult with an attorney, and an important part of the right to legal advice is confidentiality." *Lashbrook v. Hyatte*, 758 Fed. Appx. 539, 541 (7th Cir. 2019) (citing *Denius v. Dunlap*, 209 F.3d 944, 954 (7th Cir. 2000)). However, the First Amendment doesn't mandate "unrestricted and unlimited private [telephone] contacts," so reasonable restrictions related to legitimate penological concerns may be enacted. *Id*. (quoting *Massey v. Wheeler*, 221 F.3d 1030, 1036 (7th Cir. 2000)). "No additional constitutional protection is afforded prisoners' communication involving legal advice because that would require a valuation of the

2

communication's content." *Id*. (citing *Shaw v. Murphy*, 532 U.S. 223, 230 (2001)). With regard to general, non-legal telephone calls, the Seventh Circuit has similarly held that a prisoner's right to use the telephone is not unlimited and that a security rule limiting access to calls every other day didn't violate due process and is constitutional. *Martin v. Tyson*, 845 F.2d 1451, 1458 (7th Cir.), *cert. denied*, 488 U.S. 863 (1988).

Here, Fortman alleges the telephone in his own cell block is broken and that Officer Richwine wouldn't let him use one in the other cell blocks, lock-up, or holding cells. Although he was prohibited from using a telephone in those specific areas, he admits that he is given one hour of recreation time a day in which a telephone is available.[1] Fortman makes it clear that he would rather use his time showering, exercising, or watching television, but his own choice not to use his daily recreation time to make a phone call doesn't violate the Constitution. Unlimited access to a telephone at a location and time of his choosing—whether to call his attorney or for personal use—isn't required under either the First Amendment or pursuant to due process.[2] Accordingly, Fortman hasn't stated a plausible claim regarding the broken telephone in his cell block.

---

[1] "This one hour [of recreation time] is to watch T.V., exercise, *phone*, shower, etc." ECF 1 at 3 (emphasis added).

[2] Moreover, Fortman doesn't plausibly allege he was prevented from communicating with his attorney either via mail or in person at some point prior to the hearing. The court has reviewed his two pending criminal cases, and the hearing(s) on January 8, 2025, are simply listed as "status hearing[s]." *See State of Ind. v. Fortman*, cause no. 02D06-2303-F5-000096 (Allen Sup. Ct. 6 filed Mar. 30, 2023) & *State of Ind. v. Fortman*, cause no. 02D06-2211-F6-001435 (Allen Sup. Cit. 6 filed Nov. 28, 2022), available at https://public.courts.in.gov/mycase (last visited Jan. 15, 2025). His trial is currently set for May 20, 2025, in the first case listed and for May 13, 2025, in the second case listed. *See id*.

3

Fortman also appears to be alleging that he is being denied access to the courts because he doesn't have a tablet in his cell for twelve hours a day. Prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. *Id*. (citations omitted). Denial of access to the courts must be intentional; "simple negligence will not support a claim that an official has denied an individual of access to the courts." *Id*. at 291 n.11 (citing *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992)).

To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

4

Here, Fortman hasn't plausibly alleged the conduct of any of the Allen County Jail staff members has or will prejudice a potentially meritorious legal claim.[3] With regard to his injunctive relief claim, he vaguely refers to "suits in progress, that I'm pro-se, along with my criminal charges." ECF 1 at 3. As noted above in footnote one, Fortman's criminal trials are not until May, there are no upcoming hearings currently set, and he is represented by an attorney in both cases. He also refers to his federal civil cases. In addition to the instant case, the court has reviewed Fortman's other cases: one is pending screening (1:24-cv-00389-JTM-JEM); one has been screened, allowing Fortman to proceed against a single officer for excessive force, and is awaiting a status report from the defendant to determine a scheduling order (1:24-CV-445-TLS-AZ); one has been screened twice, allowing Fortman to proceed on an injunctive relief claim against the Allen County Sheriff related to the crushing of his medication (1:24-CV-512-GSL-JEM). None of the cases have yet progressed to the discovery stage.

Fortman admits he is able to access legal materials for one hour a day during his recreation time. Although he states he would rather spend that time doing other activities, he hasn't explained why the availability of those legal materials during recreation time is insufficient or why in-cell access to a tablet for twelve hours a day is

---

[3] Fortman doesn't plausibly allege that either the Warden or Sergeant Richwine were personally responsible for the loss of his in-cell tablet privileges. Accordingly, he hasn't stated a claim against these defendants for monetary damages. *See Lee v. Carr*, No. 21-1309, 2022 WL 519890, at *1 (7th Cir. Feb. 22, 2022) ("government officials are liable only for their own misconduct" and § 1983 doesn't "allow for [their] liability based on what [the] staff did or failed to do") (citing *Taylor v. Ways*, 999 F.3d 478, 493–94 (7th Cir. 2021)).

necessary. Prison officials are entitled to "wide-ranging deference" in their day-to-day operations of a correctional facility. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). Although the jail may not deny an inmate access to all legal materials, they are permitted to determine when and under what circumstances the inmate accesses those materials. *See Lewis*, 518 U.S. at 351-52. There is no constitutional right to possess the tablet that he previously used or to access legal materials on that tablet. *See Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004) ("[The law] does not require any specific resources such as a law library or a laptop with a CD–ROM drive or a particular type of assistance.").

Moreover, with regard to these types of access-to-the-courts claims, the Seventh Circuit has noted:

> Speculative prejudice is not enough for an 'actual injury.' *See Rossi v. City of Chicago*, 790 F.3d 729, 736 (7th Cir. 2015) (plaintiff was not denied access to courts despite failure of police to investigate his case where he knew all relevant facts and could have filed complaint). To establish an access-to-the-courts violation, Hertel must show that he was kept from filing a complaint or that he actually lost a case because of the defendants' intentional actions. *See id.*; *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006); *Snyder v. Nolen*, 380 F.3d 279, 292 (7th Cir. 2004) (Easterbrook, J., concurring). And since Hertel did not point to anything that hindered his efforts to pursue a legal-malpractice claim against Skodinski—at *any* point after he learned of the underlying facts for such a claim—he could not have suffered any such injury at the hands of the defendants.

*Hertel v. Miller-Lewis*, 695 Fed. Appx. 957, 961 (7th Cir. 2017). It's clear that Fortman is able to communicate with the court, as he has filed multiple lawsuits in this district. "[A]lthough a prisoner's simple ability to file a complaint is not dispositive," Fortman hasn't plausibly alleged the lack of a full-time, in-cell tablet is hindering him from actively litigating any of his legal matters. *See e.g.*, *Marshall*, 445 F.3d at 969–70

6

(plaintiff's speculative claim regarding future harm was not sufficient "since the absence of an actual or imminent injury—as opposed to a merely speculative future one—would deprive federal courts of jurisdiction under Article III, which empowers the federal judiciary to decide 'cases' or 'controversies'") (citations omitted)); *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law.") (emphasis in original)). Accordingly, this claim will be dismissed.

This complaint does not state a claim for which relief can be granted. If Fortman believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

Fortman has also filed a motion for a preliminary injunction, asking for "unrestricted phone and law library access." ECF 3 at 1. He admits he can "access legal materials on dayroom kiosk" during his one-hour of daily recreation time. *Id*. However, he believes that time should be used for showering, exercising, and watching television.

He claims that "[h]aving a tablet in your cell, for 12 hours, is sufficient, meaningful access of legal materials." *Id*.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

As to the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true, nor do[es] [it] give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Ind.*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must make an assessment of the merits as "they are likely to be decided after more complete discovery and litigation." *Id.* at 792.[4] On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is

---

[4] The Seventh Circuit has recognized the first step is "often decisive," and a court need not analyze the remaining elements when that is the case. *Univ. of S. Ind.*, 43 F.4th at 791.

8

inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

"Mandatory preliminary injunctions" requiring the defendant to take affirmative acts—such as transferring an inmate or providing him with additional medications—are viewed with particular caution and are "sparingly issued[.]" *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted). Additionally, in the prison context, the court's ability to grant injunctive relief is significantly circumscribed; any remedial injunctive relief "must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citations and internal quotation marks omitted).

Here, Fortman has not been granted leave to proceed with this lawsuit because his complaint doesn't allege any plausible claims. Accordingly, as it stands, he has no chance of success on the merits, so any preliminary injunctive relief related to his current complaint will be denied. *See e.g., Winter*, 555 U.S. at 20 ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits . . .."); *Univ. of S. Ind.*, 43 F.4th at 791 (plaintiff cannot be given the benefit of unsupported inferences at this stage).

For these reasons, the court:

(1) DENIES the motion for preliminary injunctive relief (ECF 3);

(2) GRANTS Robert P. Fortman, Jr. until **February 21, 2025**, to file an amended complaint; and

(3) CAUTIONS Robert P. Fortman, Jr. if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on January 22, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT