UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROBERT P. FORTMAN, JR., <br><br> Plaintiff, <br><br> v. <br><br> CHELSEA RICHWINE, et al., <br><br> Defendants. | CAUSE NO. 1:25-CV-008-GSL-JEM |

OPINION AND ORDER

Robert P. Fortman, Jr., a prisoner without a lawyer, was ordered to file an amended complaint because his initial one did not state any claims. *See* ECF 1 & ECF 5. He has filed the amended complaint (ECF 6)[1] along with another motion for preliminary injunction (ECF 7). Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556

---

[1] Fortman filed a motion to amend along with a proposed amended complaint. *See* ECF 6 & ECF 6-1. Although the motion is not necessary, the court is "obliged to grant this unnecessary request." *Stewart v. RCA Corp.*, 790 F.2d 624, 631 (7th Cir. 1986).

U.S. 662, 678 (2009). A pro se complaint must be given liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Fortman alleges the only access to "books, novels, educational, and religious materials" in the Allen County Jail is via an electronic tablet. ECF 6-1 at 2. He does not have access to a personal tablet because he accidentally broke his. He was charged restitution for this tablet, but he doesn't allege he paid it.[2] Either way, he has not been given a new tablet. Fortman states he is Jewish, and now he "can't read The Torah." *Id*. He admits he has one hour of recreation time outside of his cell every day, where he is able to access kiosks in the day room. Those kiosks allow for "video visits" and viewing of "legal material, i.e. law library and dictionaries." *Id*. Fortman claims one hour per day is "insufficient to view legal materials as I'm going or se in my criminal case very soon. And, I have 3 or 4 civil cases – I have no litigation experience, I need all the legal help I can get." *Id*.

Additionally, Fortman claims the telephone located on his cell block was broken on January 1, 2025, and was "just recently fixed." *Id*. at 3.[3] Sergeant Chelsea Richwine did not let him use the telephones on the other cell blocks during that time period. She also refuses to let him use a personal tablet. As noted above, however, video visits are

---

[2] His inmate trust fund ledger shows a $300 restitution fee was assessed on February 12, 2024, but his ledgers do not indicate he has paid any of that amount. *See* ECF 2-1.

[3] His amended complaint is dated January 30, 2025, so the telephone was broken for less than thirty days. ECF 6-1 at 4.

available in the day room, and Fortman does not allege he was ever prevented from accessing those.[4]

Fortman believes Sergeant Richwine and the Allen County Sheriff have violated his rights by "not providing books/novels, religious materials, insufficient access to legal materials and phone access – the one wall phone was broken." *Id*. at 3. He has sued the Sheriff and Sergeant Richwine for permanent injunctive relief authorizing him "use of unrestricted tablet for books/novels, educational and religious materials. Tablet access for meaningful and sufficient use of much needed legal materials along with some phone access." *Id*. at 4.

Turning first to Fortman's allegations regarding phone access. "The First Amendment protects a prisoner's right to consult with an attorney . . .." *Lashbrook v. Hyatte*, 758 Fed. Appx. 539, 541 (7th Cir. 2019) (citing *Denius v. Dunlap*, 209 F.3d 944, 954 (7th Cir. 2000)). However, the First Amendment doesn't mandate "unrestricted and unlimited private [telephone] contacts," so reasonable restrictions related to legitimate penological concerns may be enacted. *Id*. (quoting *Massey v. Wheeler*, 221 F.3d 1030, 1036 (7th Cir. 2000)). With regard to general, non-legal telephone calls, the Seventh Circuit has similarly held that a prisoner's right to use the telephone is not unlimited and that a security rule limiting access to calls every other day didn't violate due process and is

---

[4] Moreover, in his original complaint—which was declared under penalty of perjury—Fortman stated he was given one hour a day of recreation time "to watch T.V., exercise, *phone*, shower, etc." ECF 1 at 3 (emphasis added).

3

constitutional. *Martin v. Tyson,* 845 F.2d 1451, 1458 (7th Cir. 1988), *cert. denied,* 488 U.S. 863 (1988).

Here, Fortman alleges he couldn't use the telephone in his cell block for thirty days (or less) while it was broken. Although Officer Richwine prohibited him from using other telephones throughout the jail during that time, Fortman admits he had daily access to "video visits" in the dayroom. He doesn't plausibly allege he was prevented from necessary communications with his attorney or other individuals via video visit, although he does suggest he would rather use his recreation time for showering or exercising. Unlimited access to a phone at a location, type, and time of his choosing—whether to call his attorney or for personal use—isn't required under either the First Amendment or pursuant to due process. Importantly, he only seeks injunctive relief in this lawsuit, and he admits the telephone was recently fixed, so that request is moot. As such, Fortman hasn't stated a plausible claim regarding the use of a telephone.

Fortman also alleges he is being denied access to the courts because he doesn't have unlimited access to a tablet. Prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. *Id*. (citations omitted). Denial of access to the courts must be intentional; "simple negligence will not support a claim that an

4

official has denied an individual of access to the courts." *Id*. at 291 n.11 (citing *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992)).

To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

Here, Fortman hasn't plausibly alleged officials at the jail are hindering his efforts to pursue a non-frivolous legal claim. He vaguely refers to the fact that he is "going pro se in my criminal cases very soon" and has "3 or 4 civil cases" for which he needs legal help.[5] ECF 6-1 at 2. As noted in footnote five, Fortman's criminal trials are

---

[5] The court has reviewed his two pending criminal cases. *See State of Ind. v. Fortman*, cause no. 02D06-2303-F5-000096 (Allen Sup. Ct. 6 filed Mar. 30, 2023) & *State of Ind. v. Fortman*, cause no. 02D06-2211-F6-001435 (Allen Sup. Cit. 6 filed Nov. 28, 2022), available at https://public.courts.in.gov/mycase (last visited Feb. 21, 2025). His trial is currently set for May 20, 2025, in the first case listed and for May 13, 2025, in the second case listed. *See id*. As recently as February 4, 2025—several days *after* Fortman submitted his complaint—the court reaffirmed that Fortman is currently represented by an attorney and that his request for a new one would be forwarded to the chief public defender for review.

The court has also reviewed Fortman's other federal civil cases: one is pending screening (1:24-cv-00389-JTM-JEM); one has been screened, allowing Fortman to proceed against a single officer for

5

not until May, and he is represented by an attorney in both cases. As to his civil cases, Fortman has been actively and consistently litigating in them. He admits he has daily access to a kiosk in the dayroom where he can "view legal material, i.e. law library and dictionaries." ECF 6-1 at 3. He claims this access is insufficient because he wasn't able to print out specific pages from the "Jailhouse Lawyers Handbook 2021" (ECF 6-2 at 1), but he doesn't suggest he is being prevented from viewing or reading that material on a daily basis, taking notes related to it, or accessing substitute legal materials at the kiosk. More importantly, he doesn't explain why printed pages of that Handbook are necessary to any of his current litigation.

In essence, what Fortman is demanding is unlimited access to a tablet, but that is not a constitutional right. Prison officials are entitled to "wide-ranging deference" in their day-to-day operations of a correctional facility. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). Although the jail may not deny an inmate access to all legal materials, they are permitted to determine when and under what circumstances the inmate accesses those materials. *See Lewis*, 518 U.S. at 351-52. There is no constitutional right to possess the tablet that he previously broke or to access legal materials via tablet on an unlimited basis. *See Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004) ("[The law] does not require

---

excessive force, and has just entered the discovery phase (1:24-CV-445-TLS-AZ); one has been screened twice, allowing Fortman to proceed on an injunctive relief claim against the Allen County Sheriff related to the crushing of his medication (1:24-CV-512-GSL-JEM); ); and one has just been screened, allowing Fortman to proceed on an injunctive relief claim against the Allen County Sheriff related to his seizure medication and is waiting the defendants' response (1:24-CV-061-GSL-JEM).

any specific resources such as a law library or a laptop with a CD–ROM drive or a particular type of assistance.").

Moreover, with regard to these types of access-to-the-courts claims, the Seventh Circuit has noted:

> Speculative prejudice is not enough for an 'actual injury.' *See Rossi v. City of Chicago*, 790 F.3d 729, 736 (7th Cir. 2015) (plaintiff was not denied access to courts despite failure of police to investigate his case where he knew all relevant facts and could have filed complaint). To establish an access-to-the-courts violation, Hertel must show that he was kept from filing a complaint or that he actually lost a case because of the defendants' intentional actions. *See id.*; *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006); *Snyder v. Nolen*, 380 F.3d 279, 292 (7th Cir. 2004) (Easterbrook, J., concurring). And since Hertel did not point to anything that hindered his efforts to pursue a legal-malpractice claim against Skodinski—at *any* point after he learned of the underlying facts for such a claim—he could not have suffered any such injury at the hands of the defendants.

*Hertel v. Miller-Lewis*, 695 Fed. Appx. 957, 961 (7th Cir. 2017). It's clear Fortman is able to communicate with the court—as he has been consistently litigating here in multiple lawsuits—and admits he has access to various legal materials at the kiosk on a daily basis. "[A]lthough a prisoner's simple ability to file a complaint is not dispositive," Fortman hasn't plausibly alleged the lack of a full-time, in-cell tablet is hindering him from actively litigating any of his legal matters. *See e.g., Marshall*, 445 F.3d at 969–70 (plaintiff's speculative claim regarding future harm was not sufficient "since the absence of an actual or imminent injury—as opposed to a merely speculative future one—would deprive federal courts of jurisdiction under Article III, which empowers the federal judiciary to decide 'cases' or 'controversies'") (citations omitted)); *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("[A] plaintiff must do better

7

than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law.") (emphasis in original)). Accordingly, this claim will be dismissed.

Fortman also alleges generally that he is being denied access to books, novels, educational, and religious materials. "Prisons have great latitude in limiting the reading material of prisoners[.]" *Mays v. Springborn*, 575 F.3d 643, 649 (7th Cir. 2009) (citing *Thornburgh v. Abbott,* 490 U.S. 401, 413 (1989)). Here, Fortman doesn't describe the reading and/or educational materials he is seeking. He doesn't allege the defendants denied any specific requests, nor that he even requested any materials. Instead, he complains that he can't access the materials generally because he doesn't have a tablet, but, as noted above, unlimited access to a tablet isn't required under the Constitution, especially when he was originally given one but broke it. Moreover, "[w]hile it is true that prisoners have a protectable First Amendment right to receive and to retain published materials, that right does not create an affirmative duty on the State to *provide* reading materials to inmates." *Stewart v. McGinnis*, 800 F. Supp. 604, 618 (N.D. Ill. 1992), *aff'd*, 5 F.3d 1031 (7th Cir. 1993) (internal citation omitted, emphasis in original)); *see also Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002) ("there is no constitutional entitlement to subsidy"). Accordingly, Fortman hasn't stated a claim regarding general reading and educational materials. *See Swanson*, 614 F.3d at 403.

As to religious materials, Fortman says only that he is Jewish and "can't read the Torah" because he doesn't have a tablet. ECF 6-1 at 2. Under the First Amendment, prisoners have a right to exercise their religion. *Vinning-El v. Evans*, 657 F.3d 591, 592-93

8

(7th Cir. 2011). To state a free-exercise claim under the First Amendment, a prisoner must allege "that the defendants personally and unjustifiably placed a substantial burden on his religious practices." *Thompson v. Holm*, 809 F.3d 376, 379 (7th Cir. 2016). However, "[p]rison restrictions that infringe on an inmate's exercise of his religion are permissible if they are reasonably related to a legitimate penological objective." *Tarpley v. Allen Cty., Ind.*, 312 F.3d 895, 898 (7th Cir. 2002) (citing *Turner v. Safley,* 482 U.S. 78, 89–91 (1987)). The Religious Land Use and Institutionalized Persons Act (RLUIPA), offers broader protections than the First Amendment by prohibiting substantial burdens on "any exercise of religion [by an inmate], whether or not compelled by, or central to, a system of religious belief." *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012) and 42 U.S.C. § 2000cc-5(7)(A).

Here, Fortman doesn't allege he informed any Jail officials he has been unable to practice his religion or that he asked to retain a copy of the Torah and was refused. He simply suggests that he can't read it because he doesn't have access to a tablet.[6] As noted above, there is no free-standing constitutional right to subsidized materials. *Lewis*, 279 F.3d at 528; *see also Cutter v. Wilkinson*, 544 U.S. 709, 720 n.8 (2005) (RLUIPA is "directed at obstructions institutional arrangements place on religious observances, [it] does not require a State to pay for an inmate's devotional accessories."). Fortman's allegations are insufficient to state a claim. *See Swanson*, 614 F.3d at 403.

---

[6] Fortman states he has access to a paperback copy of the Bible. "The meaning of 'Torah' is often restricted to signify the first five books of the Hebrew Bible (Old Testament), also called the Law (or the Pentateuch, in Christianity)." *Torah: Sacred Text*, Britannica, available online at https://www.britannica.com/topic/Torah (last visited Feb. 24, 2025).

9

This amended complaint does not state a claim for which relief can be granted. If Fortman believes he can state a claim based on (<u>and consistent with</u>) the events described in this complaint, the court will allow him an additional chance to file a second amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file a second amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Second Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

Fortman has also filed another motion for a preliminary injunction, asking the court to order the Sheriff to provide him with unlimited access to a tablet "for communications, access to the courts, and legal materials, novels, and religious materials." ECF 7 at 1.[7] He admits he can "access legal materials" at the kiosk in the dayroom during his one-hour of daily recreation time. *Id*. at 1–2. However, he believes that time should be used for showering and exercising. He claims he "always need[s] time to view court cases." *Id*. at 2.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a

---

[7] In this motion he also alleges the telephone is broken, but his complaint makes it clear it has since been repaired.

preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

As to the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true, nor do[es] [it] give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Ind.*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must make an assessment of the merits as "they are likely to be decided after more complete discovery and litigation." *Id.* at 792.[8] On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

"Mandatory preliminary injunctions" requiring the defendant to take affirmative acts—such as transferring an inmate or providing him with additional medications—

---

[8] The Seventh Circuit has recognized the first step is "often decisive," and a court need not analyze the remaining elements when that is the case. *Univ. of S. Ind.*, 43 F.4th at 791.

11

are viewed with particular caution and are "sparingly issued[.]" *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted). Additionally, in the prison context, the court's ability to grant injunctive relief is significantly circumscribed; any remedial injunctive relief "must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citations and internal quotation marks omitted).

Here, Fortman has not been granted leave to proceed with this lawsuit because his complaint doesn't allege any plausible claims. Accordingly, as it stands, he has no chance of success on the merits, so any preliminary injunctive relief related to his current complaint will be denied. *See e.g., Winter*, 555 U.S. at 20 ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits . . .."); *Univ. of S. Ind.*, 43 F.4th at 791 (plaintiff cannot be given the benefit of unsupported inferences at this stage).

For these reasons, the court:

(1) GRANTS the motion to amend (ECF 6);

(2) DIRECTS the clerk to separately docket the amended complaint (ECF 6-1);

(3) DENIES the motion for preliminary injunctive relief (ECF 7);

(4) GRANTS Robert P. Fortman, Jr. until **April 3, 2025**, to file a second amended complaint; and

(5) CAUTIONS Robert P. Fortman, Jr. if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on February 25, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT